**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)**

| | |
|---|---|
| LUIS GARCIA GALICIA<br>c/o 519 H Street NW<br>Washington, DC 20001<br>(Montgomery County)<br><br>     Plaintiff,<br><br>v.<br><br>TIENDA SULA & MUSICA, INC.<br>d/b/a TIENDA SULA & MUSICA<br>11455 Georgia Avenue<br>Wheaton, MD 20902<br>(Montgomery County)<br><br>TIENDA SULA & MUSICA II, INC.<br>d/b/a TIENDA SULA & MUSICA II<br>2108 Veirs Mill Rd<br>Rockville, MD 20851<br>(Montgomery County)<br><br>WILSON G. NOLASCO<br>2607 Blueridge Avenue<br>Silver Spring, MD 20902<br>(Montgomery County)<br><br>CECILIA RAMIREZ<br>2607 Blueridge Avenue<br>Silver Spring, MD 20902<br>(Montgomery County)<br><br>     Defendants. | Civil Action No. _____<br><br>**COMPLAINT** |

# COMPLAINT

1. Defendants operate Tienda Sula & Musica, a variety store and money transfer service with two branches, one in Rockville and the other in Wheaton. Plaintiff worked for Defendants at both branches. But while Plaintiff worked for Defendants, Defendants failed to pay him the applicable federal, Maryland, and Montgomery County minimum wage. Defendants also failed to pay Plaintiff overtime wages by paying him the same hourly rate across all hours worked, including overtime hours. Lastly, Defendants did not pay Plaintiff for his last three days of work.

2. Plaintiff brings this action against Tienda Sula & Musica, Inc., Tienda Sula & Musica II, Inc., Wilson G. Nolasco, and Cecilia Ramirez ("Defendants") to recover damages for Defendants' willful failure to pay regular, minimum, and overtime wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the Maryland Wage and Hour Law ("MWHL"), Md. Code, Lab. & Empl. Art., § 3-401 *et seq.*; and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code, Lab. & Empl. Art., § 3-501 *et seq.*

## Jurisdiction and Venue

3. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) and Local Rule 501(4) because a majority of the Maryland parties reside in this district and division, or because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district and division.

## Parties

5. Plaintiff Luis Garcia Galicia is an adult resident of Montgomery County, Maryland.

6. Defendant Tienda Sula & Musica, Inc. is a Maryland corporation. It does business as Tienda Sula & Musica ("Wheaton"). Its principal place of business is located at 11455 Georgia Avenue, Wheaton, MD 20902. Its resident agent for service of process is Cecilia Ramirez, 11409 Georgia Avenue, Wheaton, MD 20902.

7. Defendant Tienda Sula & Musica II, Inc. is a Maryland corporation. It does business as Tienda Sula & Musica II ("Rockville"). It operates the Tienda Sula & Musica branch located at located at 2108 Veirs Mill Rd, Rockville, MD 20851. Per its registration with the Maryland State Department of Assessments and Taxation, its principal place of business is also located at 11455 Georgia Avenue, Wheaton, MD 20902. Its resident agent for service of process is Cecilia Ramirez, 11409 Georgia Avenue, Wheaton, MD 20902.

8. Defendant Wilson G. Nolasco is an adult resident of Maryland. He resides at 2607 Blueridge Avenue, Silver Spring, MD 20902. He is an owner and officer of Defendant Tienda Sula & Musica, Inc. and Tienda Sula & Musica II, Inc. He exercises control over the operations of Tienda Sula & Musica, Inc. and Tienda Sula & Musica II, Inc. — including their pay practices.

9. Defendant Cecilia Ramirez is an adult resident of Maryland. She resides at 2607 Blueridge Avenue, Silver Spring, MD 20902. She is an owner and officer of Defendant Tienda Sula & Musica, Inc. and Tienda Sula & Musica II, Inc. She exercises control over the operations of Tienda Sula & Musica, Inc. and Tienda Sula & Musica II, Inc. — including their pay practices.

**Factual Allegations**

10. Plaintiff worked at Tienda de Sula & Musica, located at 11455 Georgia Avenue, Wheaton, MD 20902.

11. Plaintiff worked at Tienda de Sula & Musica, located at 2108 Veirs Mill Rd, Rockville, MD 20851.

12. Plaintiff worked for Tienda de Sula & Musica during approximately the following dates:

3

| Branch | Start Date | End Date |
|---|---|---|
| Wheaton | September 15, 2019 | December 31, 2019 |
| Rockville | September 15, 2019 | August 25, 2020 |

13. Plaintiff took a leave of absence from her work at both branches from approximately May 10, 2020 until approximately June 7, 2020.

14. Plaintiff typically and customarily worked six days a week.

15. From September 15, 2019 through December 31, 2019, Plaintiff typically and customarily worked two days per week at the Wheaton branch and four days per week at the Rockville branch.

16. At both branches, Plaintiff worked as a cashier.

17. At both branches, Plaintiff's job duties primarily consisted of processing customer transactions, opening and closing the store, and cleaning his work area at the end of each shift.

18. From approximately September 15, 2019 to approximately June 30, 2020, Plaintiff typically and customarily worked approximately sixty to sixty-four hours per week.

19. From approximately July 1, 2020 through approximately August 25, 2020, Plaintiff typically and customarily worked approximately forty hours per week.

20. At all relevant times, Defendants paid Plaintiff a daily salary.

21. For his work at the Wheaton branch, Defendants paid Plaintiff $60.00 per day.

22. Before July 1, 2020, for Plaintiff's work at the Rockville branch, Defendants paid him $80.00 per day.

23. After July 1, 2020, for Plaintiff's work at the Rockville branch, Defendants paid him $50.00 per day for Monday and Tuesday and $60.00 per day for Wednesday through Saturday.

24. After July 1, 2020, Plaintiff typically and customarily worked at the Rockville branch six hours per day, on Monday and Tuesday, and seven hours per day, from Wednesday through Saturday.

4

25. At all relevant times, Defendants paid Plaintiff once a week.

26. Defendants paid Plaintiff approximately the following weekly payments:

| Approximate Dates | Weekly Payment | Effective Hourly Rate |
|---|---|---|
| Sep. 15, 2019–Dec. 31, 2019 | $440.00 | $6.88 |
| Jan. 01, 2020–Jun. 30, 2020 | $480.00 | $8.00 |
| Jul. 01, 2020–Aug. 25, 2020 | $340.00 | $8.50 |

27. At all relevant times, Defendants paid Plaintiff in cash.

28. Prior to approximately July 1, 2020, Plaintiff typically and customarily worked more than forty hours per workweek for Defendants.

29. At all relevant times, Defendants paid Plaintiff the same effective hourly rate across all hours worked.

30. At all relevant times, Defendants did not pay Plaintiff overtime wages — or one and one-half times his regular hourly rate for hours worked in excess of forty in a workweek.

31. In addition to not paying overtime wages, Defendants did not always pay Plaintiff the applicable federal, Maryland, or Montgomery County minimum wage.

32. Federal law requires that employers pay non-exempt employees at least $7.25 per hour. 29 U.S.C. § 206(a)(1).

33. Maryland law requires that employers pay non-exempt employees at least $10.10 per hour from July 1, 2018 through December 31, 2019, and $11.00 per hour from January 1, 2020 through the present. Md. Code, Lab. & Empl. Art. § 3-413.

34. For companies with fewer than ten employees, the Montgomery County minimum wage was $12.50 per hour from July 1, 2019 through June 30, 2020, and $13.00 per hour from July 1, 2020 through the present. Montgomery County Code § 27-68.

35. Finally, Defendants did not pay Plaintiff for his last 3 days of work, or 24 hours.

36. Defendants owe Plaintiff approximately $18,307.00 in regular, minimum, and overtime wages (excluding liquidated damages).

37. Defendants Wilson G. Nolasco and Cecilia Ramirez participated in hiring Plaintiff.

38. Defendants Wilson G. Nolasco and Cecilia Ramirez set Plaintiff's work schedule.

39. Defendants Wilson G. Nolasco and Cecilia Ramirez set Plaintiff's daily rate.

40. Either Defendant Wilson G. Nolasco and Cecilia Ramirez would hand Plaintiff his pay.

41. Defendant Wilson G. Nolasco supervised Plaintiff's work.

42. At all relevant times, Defendants had the power to hire and fire Plaintiff.

43. At all relevant times, Defendants had the power to control Plaintiff's work schedule.

44. At all relevant times, Defendants had the power to supervise and control Plaintiff's work.

45. At all relevant times, Defendants had the power to set Plaintiff's rate and manner of pay.

46. At all relevant times, Defendants were aware that they were legally required to pay Plaintiff one and one-half times his regular hourly rate for all hours worked in excess of forty hours in any one workweek.

47. At all relevant times, Defendants were aware that they were legally required to pay Plaintiff the applicable minimum wage.

48. At all relevant times, Defendants were aware that they were legally required to timely pay Plaintiff all wages legally due to him.

49. At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

50. At all relevant times, Defendants had two or more employees who handled goods and/or materials that had traveled in or been produced in interstate commerce.

51. For example, Defendants had two or more employees that sold phones that were produced outside of Maryland.

52. At all relevant times, Defendants engaged in a business that transferred money across state lines.

## COUNT I
## FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE FLSA

53. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

54. Each defendant was an "employer" of Plaintiff within the meaning of the FLSA. 29 U.S.C. § 203(d).

55. The FLSA requires that employers pay non-exempt employees at least $7.25 per hour. 29 U.S.C. § 206(a)(1).

56. The FLSA permits states to set a minimum wage higher than that provided for by the FLSA. 29 U.S.C. § 218.

57. The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. 29 U.S.C. § 207(a)(1). This regular hourly rate cannot be lower than the applicable state or local minimum wage. 29 C.F.R. § 778.5.

58. Defendants violated the FLSA by knowingly failing to pay Plaintiff the required minimum wage.

59. Defendants violated the FLSA by knowingly failing to pay Plaintiff at least one and one-half times his regular hourly rate for hours worked in excess of forty hours in any one workweek.

60. Defendants' violations of the FLSA were willful.

61. For Defendants' violations of the FLSA, Defendants are liable to Plaintiff for unpaid minimum and overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## COUNT II
## FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE MWHL

62. Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

63. Each defendant was an "employer" of Plaintiff within the meaning of the MWHL. Md. Code, Lab. & Empl. Art. § 3-401(b).

64. The MWHL requires that employers pay non-exempt employees at least $10.10 per hour from July 1, 2018 through December 31, 2019, and $11.00 per hour from January 1, 2020 through the present. Md. Code, Lab. & Empl. Art. § 3-413.

65. The MWHL requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. Md. Code, Lab. & Empl. Art., §§ 3-415 and 3-420.

66. Defendants violated the MWHL by knowingly failing to pay the required minimum wage to Plaintiff.

67. Defendants violated the MWHL by knowingly failing to pay Plaintiff one and one-half times his regular hourly rate for hours worked in excess of forty hours in any one workweek.

68. Defendants' violations of the MWHL were willful.

69. For Defendants' violations of the MWHL, Defendants are liable to Plaintiff for unpaid minimum and overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## COUNT III
## FAILURE TO PAY WAGES UNDER THE MWPCL

70. Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

71. Each defendant was an "employer" of Plaintiff within the meaning of the MWPCL. Md. Code, Lab. & Empl. Art. § 3-501(b).

72. The MWPCL requires employers to pay an employee whose employment terminates all wages due on or before the day on which the employee would have been paid the wages if the employment had not been terminated. Md. Code, Lab. & Empl. Art. § 3-505(a).

73. The MWPCL requires employers to timely pay an employee on regular pay days. Md. Code, Lab. & Empl. Art. § 3-502.

74. The "wages" required to be timely paid by the MWPCL include regular, minimum and overtime wages. Md. Code, Lab. & Empl. Art. § 3-501(c)(2). *See also Peters v. Early Healthcare Giver, Inc.*, 439 Md. 646, 654 (Md. 2014).

75. Defendants violated the MWPCL by knowingly failing to timely pay to Plaintiff all wages due, including regular, minimum, and overtime wages.

76. Defendants' violations MWPCL were willful.

77. For Defendants' violations of the MWPCL, Defendants are liable to Plaintiff for three times the amount of unpaid wages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of **$54,921.00**, and grant the following relief:

    a.    Award Plaintiff $54,921.00, consisting of the following overlapping elements:

      i.      unpaid federal minimum and overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

      ii.      unpaid Maryland minimum, and overtime wages, plus an equal amount as liquidated damages, pursuant to the MWHL, Md. Code, Lab. & Empl. Art., § 3-427;

      iii.      three times the amount of unpaid regular, minimum, and overtime wages, pursuant to the MWPCL, Md. Code, Lab. & Empl. Art., 3-507.2;

b.      Award Plaintiff pre-judgment and post-judgment interest as permitted by law;

c.      Award Plaintiff reasonable attorney's fees and expenses;

d.      Award Plaintiff court costs; and

e.      Award any additional relief the Court deems just.

Date: September 26, 2020

Respectfully submitted,

/s/ Justin Zelikovitz
JUSTIN ZELIKOVITZ, #17567
DCWAGELAW
519 H Street NW
Washington, DC 20001
Phone: (202) 803-6083
Fax: (202) 683-6102
justin@dcwagelaw.com

*Counsel for Plaintiff*